IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF ADMINISTRATIVE LAW JUDGES, *Plaintiff*,<br><br>v.<br><br>FEDERAL SERVICE IMPASSES PANEL, and MARK ANTHONY CARTER, in his official capacity as Chairman of the Federal Service Impasses Panel, *Defendants*. | Case No. 1:20-cv-01026-ABJ<br><br>The Honorable Amy Berman Jackson |

**ASSOCIATION OF ADMINISTRATIVE LAW JUDGES'
MOTION FOR EXPEDITED BRIEFING AND HEARING SCHEDULE ON
THE ASSOCIATION'S MOTION FOR A PRELIMINARY INJUNCTION**

The Association of Administrative Law Judges urgently seeks an injunction to prevent the implementation of draconian new restrictions imposed on the Association on April 15 by the Federal Service Impasses Panel. This request for an expedited schedule under Local Rule 65.1(d) is being filed simultaneously with the Association's preliminary-injunction motion.

**1. Facts requiring expedition under Local Civil Rule 65.1(d):** Yesterday evening (Thursday, April 23), the Association learned for the first time that the process to implement the Panel's new restrictions will begin on Monday, April 27 and result in implementation by Tuesday, May 5—in less than two weeks. As the President of the Association of Administrative Law Judges explains in detail in her declaration, if the Panel's extreme restrictions are implemented, the Association will be "effectively shut down." McIntosh Decl. ¶ 1 (ECF 5-14). The Panel's restrictions, she explains, "will eviscerate our ability to perform representational duties required by law, deny our members their rights to receive representation by the Association, force us to hire a single outside business manager to perform those core representational functions on a very limited basis, and cause severe adverse individual effects for our members. All of these harms cut

to the core of the independence and continued existence of our bargaining unit." *Id.* "[T]he practical result of the Panel's order is nothing short of the elimination of this union." *Id.*

**2. Proposed expedited schedule:** To give this Court adequate time to decide the preliminary-injunction motion before the restrictions go into effect, the Association requested that the Panel agree to stay its order, or otherwise hold it in abeyance, pending the Court's resolution of the motion. Earlier today, the Panel refused. Gupta Decl. ¶ 3 (ECF 5-1). The Association is therefore moving for an expedited schedule to facilitate this Court's timely decisional process on preliminary-injunctive relief. Counsel for the defendants does not consent to the proposed briefing schedule. The Association reserves the right to seek a temporary restraining order if relief cannot be obtained on the requested timeline.

This Court's Local Rules require in the ordinary course that oppositions to all preliminary injunctions be filed within seven days of service of the motion, LCvR 65.1(c), which in this case would be Friday, May 1. In light of the Tuesday, May 5 implementation deadline, we propose that the Panel's response time be trimmed by just two days. On this schedule, the Panel's response would be due by **midnight on Wednesday, April 29** and the plaintiff's reply would be due by **noon on Friday, May 1**. The proposed timeline will not prejudice the government because it has already fully briefed a parallel preliminary-injunction motion in *National Labor Relations Board Professional Association v. Federal Service Impasses Panel*, 1:20-cv-00888-ABJ (D.D.C.), another Appointments Clause challenge to the Panel's authority. This schedule would give the Court sufficient time to hear and decide the motion by May 4, or order interim or temporary administrative relief to facilitate additional time to decide the motion.

## CONCLUSION

Under Local Civil Rule 65.1(d), we respectfully respect that the Court adopt the proposed expedited briefing schedule: "The Defendants shall respond to the preliminary-injunction motion no later than midnight on April 29, 2020 and the Plaintiff shall file any reply by noon on May 1, 2020."

Dated: April 24, 2020

MATTHEW W.H. WESSLER
GUPTA WESSLER PLLC
1035 Cambridge Street, Suite One
Cambridge, MA 02141
(617) 286-2392
matt@guptawessler.com

Respectfully submitted,

*/s/ Deepak Gupta*
DEEPAK GUPTA (D.C. Bar No. 495451)
GUPTA WESSLER PLLC
1900 L Street, NW, Suite 312
Washington, DC 20036
(202) 888-1741
deepak@guptawessler.com

NEIL K. SAWHNEY*
GUPTA WESSLER PLLC
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 573-0336
neil@guptawessler.com

*Counsel for Plaintiff*

*\* pro hac vice application pending*