IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ASSOCIATION OF ADMINISTRATIVE LAW JUDGES, INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL SERVICE IMPASSES PANEL, *et al.*,<br><br>Defendants. | Case No. 1:20-cv-01026-ABJ |

**Motion by Non-Party Social Security Administration
for Clarification of the Court's Minute Order of April 28, 2020**

The Social Security Administration ("SSA"), a non-party to this matter, respectfully moves for clarification of the Court's Minute Order of April 28, 2020 to reflect SSA's voluntary agreement to delay the implementation of the nine Collective Bargaining Agreement Articles that are the subject of the Federal Service Impasses Panel (the "Panel") decision forming the sole basis of the suit here ("the Panel articles"). The Court's Minute Order, issued after the conclusion of a telephonic scheduling conference among the Court, the parties, and the Department of Justice on behalf of non-party SSA, stated that SSA has agreed to refrain from implementing the Panel articles "until this case has been resolved on the merits." Respectfully, SSA asks the Court to modify that language to reflect (1) SSA's voluntary commitment to delay the implementation of the nine Panel articles until the end of May and (2) its representation that if resolution of this litigation extends beyond the end of May, SSA will in good faith revisit the length of its voluntary implementation delay at such time as the Court deems appropriate. SSA reiterates here that it will consider any request by the Court for further delay, and

any good faith proposal or request by either party, when and if it becomes apparent to the Court that considered resolution of the matter may require additional time beyond the end of May.

As background and good cause for this motion, SSA states as follows:

1. On April 28, 2020, the Court held the second of two telephonic conferences to discuss scheduling in light of the motion for preliminary injunction and request for expedited briefing filed and served on the defendants on the evening of Friday, April 24, after the close of business, by Plaintiff Association of Administrative Law Judges ("AALJ"). The undersigned Department of Justice counsel appeared on SSA's behalf.

2. The Court addressed two issues during the status conference: (1) whether SSA would voluntarily agree to defer implementing the Panel articles to permit orderly resolution of the questions raised by AALJ; and (2) how to schedule briefing on jurisdiction and the merits of AALJ's constitutional claim.

3. On the first issue, Department of Justice counsel represented, following expedited consultation with SSA initiated on Monday, April 27, that "SSA is willing to hold off implementation of [the] articles from the panel decision." Counsel further elaborated that SSA was "concern[ed] with how long it would be withholding implementation," and that "right now they would be willing to withhold implementation of those articles until . . . around the end of May or so, depending on what . . . the parties can agree to and what kind of briefing schedule is set. But that's . . . the timeframe that they would have in mind that they would be willing to—that they've communicated to us that they're willing to agree to at this time." April 28 Hearing Transcript at 4–5 (attached as Exhibit A).

4. The Court noted that "it's going to be hard to guarantee when the matter is going to be ruled on and it's hard to imagine the two-step briefing process that the defense favored yesterday if we're going to try to meet that kind of schedule for expedition." But before addressing a timeline further, the Court asked AALJ whether it agreed that the nine Panel articles were "the only aspect of

the contract" before the Court. After some discussion, the Court determined that the Panel articles were the only articles in the parties' underlying collective bargaining agreement negotiations at issue in this case. *Id.*

5.  The Court then determined that because "the Social Security Administration is willing to agree to hold off on what it was going to do on Tuesday, which is implement the panel decision in this case, that renders the request for a temporary restraining order moot and we can consolidate the request for preliminary injunction in the complaint with the merits and brief the merits and decide this case." *Id.* at 9.

6.  After discussions turned to a schedule for briefing on the merits, an extended discussion between the parties and the Court ensued concerning whether the parties (not including non-party SSA) would agree to consolidate briefing on AALJ's preliminary injunction motion and on the merits, for which the Court had previously indicated its strong preference. The parties ultimately did not agree on consolidated briefing, and the Court next discussed with the parties whether it should require briefing on the two legal aspects of this case—the Court's jurisdiction and AALJ's Appointments Clause claim—seriatim or simultaneously.

7.  On that question, Department of Justice counsel—acknowledging its limited role as a non-party—asked the Court to set briefing on the jurisdictional issue first and then on the merits of AALJ's constitutional claim only after the Court resolves whether it has jurisdiction. *Id.* at 17.

8.  The Court responded that "there's some disconnect between your wanting . . . this to be over in a month and calling for two rounds of briefing" but that it was happy to set a two-round briefing schedule as long as that tension was understood. *Id.*

9.  In response to the Court's caution, Department of Justice counsel stated that they would "have further discussions with SSA as the case goes along on holding off implementation of the panel decision, depending on where things are at." *Id.*

10. The Court further cautioned that "even if the briefing schedule was a week and a week, you're already getting close to the end of May," and that the Court would "set a reasonable schedule and . . . expect the agency to be reasonable." *Id.* at 17–18. The discussion then turned to whether SSA would intervene in the case.

Counsel acknowledges that the parties' conflicting positions on how to brief the legal questions at issue may have prompted confusion about how long SSA had voluntarily committed to hold off on implementing the Panel articles. Counsel therefore clarifies its representations on behalf of SSA during the scheduling conference, after verifying their independent recollections against the transcript of the conference, and respectfully asks that the April 28 Minute Order be modified to reflect the clarified understanding among the Court, the parties, and SSA that SSA has agreed to (1) defer implementing the Panel articles until May 31, 2020 and (2) consider in good faith whether it can voluntarily agree to further delay implementation should it become necessary to revisit that question at or near the end of May. Counsel reassures the Court that the Court can with full confidence "expect the agency to be reasonable," *see id.*, in that regard.

Dated: April 30, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Kyla M. Snow*
KYLA M. SNOW (Ohio Bar No. 96662)
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Phone: (202) 514-3259
Fax: (202) 616-8460
*Counsel for the Social Security Administration*