# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF ADMINISTRATIVE LAW JUDGES, INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS, AFL-CIO, 6218 Georgia Avenue, NW, Suite 1-447 Washington, D.C.  20011 )<br>Plaintiff, )<br>v. )<br>FEDERAL SERVICE IMPASSES PANEL, )<br>1400 K St. NW, Washington, D.C. 20424; )<br>and )<br>MARK ANTHONY CARTER, )<br>In his official capacity as Chairman of the Federal Service Impasses Panel, )<br>1400 K St. NW, Washington, D.C. 20424; )<br>Defendants, )<br>v. )<br>SOCIAL SECURITY ADMINISTRATION )<br>1100 West High Rise, 6401 Security Blvd. )<br>Baltimore, MD 21235 )<br>Intervenor Defendant. ) | Civil Action No. 1:20-cv-1026-ABJ |

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7(h), Defendants Federal Service Impasses Panel (the "Panel") and Mark Anthony Carter (in his official capacity as Chairman of the Panel)[1] respectfully submit this Statement of Undisputed and Material Facts in Support of their Cross-Motion for Summary Judgment.

1.  The Federal Labor Relations Authority (the "Authority") is a federal agency

---

[1] A claim brought against a federal government employee in his or her official capacity "is only nominally against the official and in fact is against the official's office and thus the sovereign itself. . . .  The real party in interest is the government entity, not the named official." *Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017) (citations omitted).  Chairman Carter may therefore assert, in response to the Unions' claims against him in his Official Capacity, the same defenses available to the Panel as a whole.  *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).  This Statement of Undisputed Material Facts applies to both the Panel and Chairman Carter.

headquartered at 1400 K Street NW, Washington, D.C. 20424.  *See* https://www.flra.gov/contact; Moseley Decl. ¶ 6.

2. The Authority's members are appointed by the President with the advice and consent of the Senate.  5 U.S.C. § 7104(b); Moseley Decl. ¶ 3.  The Authority "is primarily responsible for administering" the Federal Labor-Management Relations Statute, 5 U.S.C. §§ 7101-7135 (2018) (the "Statute").

3. The Panel "is an entity within the Authority, the function of which is to provide assistance in resolving negotiation impasses between agencies and exclusive representatives." 5 U.S.C. 7119(c)(1).  It is headquartered at 1400 K Street NW, Washington, D.C. 20424, the same location as the Authority.  *See* https://www.flra.gov/fsip_contact; Moseley Decl. ¶ 6.

4. The Panel "serves as a forum 'of last resort in the speedy resolution of disputes' between a federal agency and the exclusive representatives of its employees 'after negotiations have failed.'"  *Nat'l Air Traffic Controllers Ass'n AFL-CIO v. FSIP*, 437 F.3d 1257-58 (D.C. Cir. 2006) (quoting *Council of Prison Locals v. Brewer*, 735 F.2d 1497, 1501 (D.C. Cir. 1984)).

5. Defendant Mark Anthony Carter is Chairman of the Panel and is sued only in his official capacity.  *See* Compl. ¶ 3.

6. On November 12, 2019, the President delegated the authority to remove Panel members to the Authority.  Presidential Memorandum on the Delegation of Removal Authority Over the Federal Services Impasses Panel, 84 Fed. Reg. 63,789 (Nov. 12, 2019) (also available at https://www.whitehouse.gov/presidential-actions/presidential-memorandum-delegation-removal-authority-federal-service-impasses-panel/); Moseley Decl. ¶ 7.  The Panel's members are thus subject to the supervision of the Authority, and the Authority may remove Panel members any time at-will.  *Id.*

7. Panel members are part-time employees who work fewer than 130 days per year and are classified as "special Government employees" under 18 U.S.C. § 202(a). *See* 5 U.S.C. § 7119(c)(4); *see also Ethics Rules for Special Government Employees (SGEs)*, FLRA, https://www.flra.gov/Ethics_Rules_for_SGE (last visited May 8, 2020); Moseley Decl. ¶ 5.

8. Panel members perform only limited duties, work on a part-time basis, have limited tenure, have extremely narrow jurisdiction, and are subject to removal by a Principal Officer: the members of the Authority. *See* 5 U.S.C. § 7119(c)(4) (noting Panel members are paid only for days their services are actually required); 5 U.S.C. § 7119(c)(3) (establishing 5-year terms for panel members); *see generally* 5 U.S.C. § 7119(c) (restricting the Panel's jurisdiction to only: 1) settling disputes when the parties have reached impasses, and 2) providing decisions that are applicable only for the term of a collective bargaining agreement).

9. The Panel lacks the power to enforce its orders. *See* Procedures of the Panel, 48 Fed. Reg. at 19,693 (May 2, 1983) ("[T]he Panel lacks enforcement authority over its decisions."); *see also* 5 U.S.C. § 7114 ("An agreement between any agency and an exclusive representative shall be subject to approval by the head of the agency."); *Am. Fed'n of Gov't Emps. v. FLRA*, 778 F.2d 850, 857 (1985) ("*AFGE 1985*") ("This court and the Authority have interpreted the term 'agreement' as used in the head of the agency provision, to include all terms—whether achieved by negotiation or imposed by the Impasses Panel."); Moseley Decl. ¶ 8.

10. Instead, a party seeking to enforce a Panel order must do so through an unfair labor practice proceeding that is either initiated through the Authority's General Counsel or through a grievance arbitration, and ultimately appealable to the Authority. *See AFGE 1985*, 778 F.2d at 855 ("A party's failure to abide by the Impasses Panel's order can . . . be challenged as an

unfair labor practice."); Moseley Decl. ¶ 8. Before a Panel decision can be enforced, "the Impasses Panel's orders are subject to review first by the Authority in an unfair labor practice proceeding and later by the courts in review of any such proceeding." *AFGE 1985*, 778 F.2d at 856; 5 U.S.C. § 7123(a). The Authority will decline to order enforcement of a Panel decision if it finds that the Panel has acted beyond its limited jurisdiction or has disregarded applicable law. *See* 5 U.S.C. § 7119(c)(1); *Patent Office Prof'l Ass'n v. FLRA*, 26 F.3d 1148, 1153 (D.C. Cir. 1994) (Authority finding that Panel and arbitrator acting on Panel-delegated authority lacked jurisdiction to impose CBA provisions); *Dep't of Def. Domestic Dependent Elementary & Secondary Sch. Fort Buchanan, P.R.*, 71 FLRA 127, 134 (2019) ("*Fort Buchanan*") (Authority review of Panel-imposed contractual terms challenged in an unfair labor practice proceeding); *U.S. Dep't of Def. Educ. Activity, Arlington, Va.*, 56 FLRA 119, 120, 122 (2000) (finding that a Panel order violated the Constitution); Moseley Decl. ¶ 8. The Panel's orders are also subject to review by the agency head, the Authority, and, ultimately, the courts of appeals in negotiability proceedings. *AFGE 1985,* 778 F.2d at 855-61; *see also Dep't of Treasury v. FLRA*, 707 F.2d 574, 577 n.7 (D.C. Cir. 1983) ("The Panel's decision is reviewable, first before the Authority, then in court, in an unfair labor practice proceeding."); *N.Y., Div. of Military & Naval Affairs*, 2 FLRA 185, 188 (1979) ("Authority review of a final Panel Decision and Order . . . may be sought by the party objecting to the order . . . after the filing of unfair labor practice charges by the other party, based on noncompliance with the Panel's Decision and Order, under section 7118 of the Statute.").

   11. Thus, the head of an agency and/or the Authority can reverse or correct a Panel order that they find to be contrary to law or beyond the Panel's jurisdiction. *See* 5 U.S.C. § 7114 ("An agreement between any agency and an exclusive representative shall be subject to approval

by the head of the agency."); *AFGE 1985*, 778 F.2d at 857 ("This court and the Authority have interpreted the term 'agreement' as used in the head of the agency provision, to include all terms—whether achieved by negotiation or imposed by the Impasses Panel.").

12.     The Panel may only act in cases that fall within its narrow jurisdiction, namely the resolution of collective-bargaining impasses.  5 U.S.C. § 7119(c)(5)(B)(iii).  The Panel must decline jurisdiction if it finds the parties are not at impasse, or other good cause for declining jurisdiction exists. 5 C.F.R. § 2471.6(a)(1); *see also Fort Buchanan*, 71 FLRA at 134 ("[B]oth the Statute and the Panel's Regulations limit the Panel's jurisdiction to matters over which parties are at impasse."); *Nat'l Treasury Employees Union*, 63 FLRA 26, 27 (2008) (refusing to enforce Panel ruling; noting "that the underlying threshold questions must be resolved in an appropriate forum, and an impasse reached, before the Panel can resolve the dispute as it pertains to these proposals."). The Authority will refuse to enforce a Panel order where the Panel has acted in the absence of a bargaining impasse. *Fort Buchanan*, 71 FLRA at 134.

13.     The Authority frequently excuses parties from complying with Panel-imposed contractual provisions that it found the Panel lacked jurisdiction to impose.  In *Fort Buchanan*, for example, an agency obtained Authority review of Panel-imposed contractual terms by refusing to implement them, triggering an unfair labor practice charge and ultimately a decision from the Authority vacating the Panel-imposed terms.  71 FLRA at 129, 134.

14.     The Authority routinely passes upon questions regarding the Panel's jurisdiction in unfair labor practice proceedings and review of grievance arbitration awards.  *See, e.g., Veterans Admin. Washington, D.C.*, 26 FLRA at 268-69 (reviewing Panel decision to determine whether the Panel "exceed[ed] its authority in asserting jurisdiction" and whether its order was "contrary to law"); *U.S. Dep't of Def. Educ. Activity, Arlington, Va.*, 56 FLRA 119, 120, 122

(2000) (sustaining agency's objection "that enforcing the Panel's Order would violate the Appropriations Clause, the doctrine of separation of powers and the doctrine of sovereign immunity contained in the United States Constitution.").

15.   The Panel has no authority to decide contested legal issues regarding the negotiability of proposal offered by parties before it.  "While the Impasses Panel has considerable power in settling disputes, it does not have the authority to pass judgments on assertions of nonnegotiability." *AFGE 1985*, 778 F.2d at 854. "The Authority has held that [5 U.S.C.] § 7105 and § 7117(c), which provide[] for expedited review of nonnegotiability issues by the Authority, preclude the Impasses Panel from considering negotiability issues." *Id*. (citing *Interpretation and Guidance*, 11 F.L.R.A. 626 (1983)). "Thus, if any time prior to the Impasses Panel's decision, the agency raises a claim of nonnegotiability, the Impasses Panel *cannot consider* that issue, and the union must seek resolution of the issue before the Authority." *Id*. (emphasis added).

16.   Thus, the Panel lacks jurisdiction to impose provisions that are subject to a negotiability challenge.  *See Patent Office Prof'l Ass'n v. FLRA*, 26 F.3d 1148, 1153 (D.C. Cir. 1994) (rejecting enforcement of contract provisions imposed by an interest arbitrator acting on delegated authority from the Panel, where the arbitrator, and, consequently, the Panel lacked jurisdiction to impose those provisions); Moseley Decl. ¶ 9.

17.   Even where the Panel imposes contractual language upon the parties to a labor dispute, that language is subject to approval by a higher government official—the head of the agency affected.  *See* 5 U.S.C. § 7114 ("An agreement between any agency and an exclusive representative shall be subject to approval by the head of the agency."); *AFGE 1985*, 778 F.2d at 857 ("This court and the Authority have interpreted the term 'agreement' as used in the head of

the agency provision, to include all terms—whether achieved by negotiation or imposed by the Impasses Panel."); Moseley Decl. ¶ 10.

18.     The Authority has the ability to stay the Panel from asserting jurisdiction, *Soc. Sec. Admin.*, 71 FLRA 652, 654 (2020), and to stay Panel orders generally, *Nat'l Treasury Employees Union*, 32 FLRA 1131, 1136–37 (1988).

19.     Indeed, the plaintiff in this matter, the Association of Administrative Law Judges ("AALJ"), unsuccessfully moved the Authority to stay the Panel from asserting jurisdiction over it prior to issuing the order it challenges in this case, citing the very same Appointments Clause challenge to the Panel. *See Social Security Administration*, 71 FLRA 652 (2020). The Authority found that "under the particular circumstances of this case . . . the Union has failed to demonstrate that a stay of the Panel's exercise of jurisdiction is appropriate." *Id*. at 654.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Noah Peters |
|  | NOAH PETERS (#1023748) |
|  | Solicitor |
|  | REBECCA J. OSBORNE |
|  | Deputy Solicitor |
|  | SARAH C. BLACKADAR |
|  | Attorney |
|  | Federal Labor Relations Authority |
|  | 1400 K Street, NW |
|  | Washington, D.C. 20424 |
|  | Telephone: (202) 218-7999 |
|  | Facsimile: (202) 343-1007 |
|  | Email: npeters@flra.gov |
| Dated: May 8, 2020 |  |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of May 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I also certify that the foregoing document is being served on counsel of record and that service will be accomplished by the CM/ECF system.

/s/ Noah Peters
NOAH PETERS
Solicitor
Federal Labor Relations Authority
1400 K Street, NW
Washington, DC 20424
Telephone: (202) 218-7908
Email: npeters@flra.gov