71 FLRA No. 147

## FEDERAL LABOR RELATIONS AUTHORITY
## WASHINGTON, D.C.

————

## SOCIAL SECURITY ADMINISTRATION
### (Agency)

**and**

## ASSOCIATION OF ADMINISTRATIVE LAW JUDGES
## INTERNATIONAL FEDERATION OF PROFESSIONAL
## AND TECHNICAL ENGINEERS
### (Union)

## 0-MC-0028

————

## DECISION

## May 21, 2020

————

**Before the Authority:  Colleen Duffy Kiko, Chairman, and
Ernest DuBester and James T. Abbott, Members
(Member DuBester dissenting)**

On March 31, 2020, we denied the Union's request to stay the Federal Service Impasses Panel (the Panel) from asserting jurisdiction over a bargaining dispute with the Agency.  The Union cited to the Authority's earlier ruling in *NTEU*[1] to support its request.  We determined that the circumstances of this case were distinguishable from *NTEU* because "as of the date that the Union filed its motion . . . [u]nlike the request in *NTEU*, the Union is not asking the Authority to stay the Panel's proceedings while the parties to the dispute litigate a court action that is potentially dispositive of their issues before the Panel."[2]

Those differentiating circumstances have since changed.  We take administrative notice that on April 20, 2020, the Union filed a complaint in the U.S. District Court for

———————————————

[1] 32 FLRA 1131 (1988).
[2] *SSA*, 71 FLRA 652, 653 (2020).

the District of Columbia arising from the same bargaining dispute with the Agency that was before the Panel.[3]  The Agency has intervened in that case.[4]

Under the Federal Service Labor-Management Relations Statute (the Statute), the Panel is an "entity within the Authority."[5]  The Authority is tasked to take such actions which are necessary to effectively administer the Statute[6] and to interpret the Statute consistent with the requirements of an effective and efficient Government,[7] including the responsibility to stay Panel orders when "unusual circumstances" such as pending court litigation over the same dispute challenge determinations made by the Panel.[8]

The complaint filed by the Union on April 20, 2020 in federal district court presents such an "unusual circumstance," a circumstance that did not exist when we considered, and denied, the Union's motion on March 31, 2020.  Under these unusual circumstances, we believe that reconsideration of that denial is warranted. As we recognized in *NTEU*, "[t]he Statute's procedures 'are designed to meet the special requirements and needs of the Government.'"[9]  And as in *NTEU*, implementation of the Panel's order at this time "would not advance the purposes of the Statute" due to the pendency of parallel proceedings in federal district court.[10]

Therefore, upon reconsideration, we order that the Panel's April 15, 2020 Decision and Order in Case No. 20 FSIP 001 is to be stayed until such time as the U.S. District Court for the District of Columbia rules in *Association of Administrative Law Judges v. Federal Service Impasses Panel*, No. 1:20-cv-1026.

Upon issuance of the District Court's decision, the parties shall file appropriate motions with the Authority within 30 days of the date of the Court's decision.

---

[3] *Ass'n of Admin. Law Judges v. Fed. Serv. Impasses Panel*, No. 1:20-cv-1026, Complaint (Apr. 20, 2020 D.D.C.).
[4] *Ass'n of Admin. Law Judges*, No. 1:20-cv-1026, May 5, 2020 Minute Order on Motion to Intervene.
[5] 5 U.S.C. § 7119(c)(1).
[6] *Id.* § 7105(a)(2)(I).
[7] *Id.* § 7101(b).
[8] *NTEU*, 32 FLRA at 1138-39.
[9] *Id.* at 1139 (quoting 5 U.S.C. § 7101(b)).
[10] *Id.*

**Member DuBester, dissenting:**

I do not agree with the issuance of this decision "reconsidering" our March 31, 2020 Decision (Decision) denying the Union's motion to stay the Federal Service Impasses Panel's (the Panel's) assertion of jurisdiction over its dispute with the Agency. At the outset, neither party to this case has asked us to reconsider our Decision.[1]  But more fundamentally, our decision today grants relief that was not specifically requested by the Union in its motion for stay based on reasons that were never argued by the Union in support of its motion.

Specifically, in its motion, the Union requested that we stay the Panel's assertion of jurisdiction over its dispute with the Agency until such time as the Authority ruled on its objections regarding the Panel's jurisdiction.[2]  We denied the motion because "we cannot stay further proceedings by the Panel pending a ruling on objections that we are not empowered to make."[3]

However, in today's decision, we order that a particular Decision and Order issued by the Panel on April 15, 2020, be stayed until such time as the U.S. District Court for the District of Columbia rules on a complaint filed by the Union "arising from the same bargaining dispute with the Agency that was before the Panel."[4]  That case – for which today's decision takes "administrative notice" – was filed by the Union on April 20, 2020.  As such, neither the Panel's decision we are now staying nor the federal court lawsuit upon which we are basing this stay was considered as part of our Decision denying the Union's motion.  Further, they are not part of the record in this case.

Accordingly, I dissent.  Should the Union file a new motion for stay based upon these subsequent developments, the Authority would be fully authorized and obligated to consider these circumstances in ruling upon the new motion.

---

[1] *See* 5 CFR § 2429.17 ("After a final decision or order of the Authority has been issued, a party to the proceeding before the Authority who can establish in its moving papers extraordinary circumstances for so doing, may move for reconsideration of such final decision or order.").

[2] *SSA*, 71 FLRA 652, 654 (2020); *see also id.* at 653 (further noting that "the Union is not asking the Authority to stay the Panel's proceedings while the parties to the dispute litigate a court action that is potentially dispositive of their issues before the Panel").

[3] *Id.* at 654.

[4] Decision at 1.

# FEDERAL LABOR RELATIONS AUTHORITY
# WASHINGTON, D.C.

———

## SOCIAL SECURITY ADMINISTRATION
### (Agency)

**and**

## ASSOCIATION OF ADMINISTRATIVE LAW JUDGES
## INTERNATIONAL FEDERATION OF PROFESSIONAL
## AND TECHNICAL ENGINEERS
### (Union)

### 0-MC-0028

———

## STATEMENT OF SERVICE

———

I hereby certify that copies of Order of the Federal Labor Relations Authority in the subject proceeding have this day been transmitted by facsimile and mailed to the following:

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Melissa McIntosh
AALJ President-Elect
Social Security Administration
Fountain Square II
4925 Independence Pkwy
Tampa, FL 33634.
judgemelissamcintosh@gmail.com

Laura Gagliuso
Attorney, OGC
Social Security Administration
6401 Security Blvd.
Altmeyer Blvd., Room 617
Baltimore, MD 21235
Laura.Gagliuso@ssa.gov

Brian Saame
Chief Administrative Law Judge
Hearing Office
c/o OLMER 2170 Annex Building
6401 Security Blvd.
Baltimore, MD 21235
Brian.Saame@ssa.gov


Dated: _____
        WASHINGTON, D.C.

                                          For _____
                                              Belinda Stevenson
                                              Legal Assistant

2